UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                        Plaintiff,

            -against-                                          1:12-CV-0116 (LEK/ATB)

JOHN E. KOWALSKI,

                        Defendant.

_____

## DECISION and ORDER

### I.    INTRODUCTION

On January 21, 2012, Plaintiff commenced this action alleging that John E. Kowalski

("Defendant") defaulted on a promissory note.  Dkt. No. 1 ("Complaint").  Now before the Court is

Plaintiff's Second Motion for default judgment brought pursuant to Federal Rule of Civil Procedure

55(b).  Dkt. No. 10 ("Motion").

### II.   BACKGROUND

Defendant is a resident of Cohoes, New York.  Compl. ¶ 2.  The Complaint alleges that

Defendant executed a promissory note to secure loans from the U.S. Department of Education, and

that he has failed to repay the loans in full.  See generally id.  Defendant did not file a responsive

pleading, and on March 5, 2012, the Clerk filed an Entry of default against Defendant at Plaintiff's

request.  Dkt. Nos. 4; 5.  In its Motion, Plaintiff seeks an award of "the principal sum of $19,101.08

plus interest in the sum of $15,099.58 plus additional accrued interest at the rate of 3.19% per

annum from January 24th, 2013 to the date of entry, plus process server fees in the amount of

$55.00."  Mot. at 7 ¶ 7.

## III.    LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow

before it may enter a default judgment against a defendant.'" Elec. Creations Corp. v. Gigahertz,

Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (quoting Robertson v. Doe, No. 05-CV-7046, 2008

WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).

> First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk
> must enter the party's default.  Second, pursuant to Rule 55(b)(2), the party seeking
> default judgment is required to present its application for entry of judgment to the court.
> . . .  Notice of the application must be sent to the defaulting party so that it has an
> opportunity to show cause why the court should not enter a default judgment.

Id. (citations and internal quotation marks omitted).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded

factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v.

Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L.

U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)).  "While a default judgment constitutes an

admission of liability, the quantum of damages remains to be established by proof unless the amount

is liquidated or susceptible of mathematical computation."  Flaks v. Koegel, 504 F.2d 702, 707 (2d

Cir. 1974); see also Bravado Int'l, 655 F. Supp. 2d at 189.  "[E]ven upon default, a court may not

rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a

basis for the damages that are sought."  Robertson, 2008 WL 2519894, at *3.  "The burden is on the

plaintiff to establish its entitlement to recovery."  Bravado Int'l, 655 F. Supp. 2d at 189.  "While the

court must ensure that there is a basis for the damages specified in a default judgment, it may, but

need not, make the determination through a hearing."  Id. at 190 (internal quotation marks omitted).

Under Local Rule 55.2(b), the moving party must submit with its motion for default

2

judgment: (1) a clerk's certificate of entry of default; (2) a proposed form of default judgment; (3) a copy of the pleading to which no response has been made; and (4) an affidavit. The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(b) (citing L.R. 55.2(a)).

## IV.    DISCUSSION

Plaintiff has failed to comply with the Local Rules. No copy of the Complaint was included with Plaintiff's Motion for default judgment. See generally Mot.[1] Plaintiff's Motion for default judgment is therefore denied. If Plaintiff wishes to file a new motion for default judgment, it must do so within thirty (30) days after the entry of this Decision and Order. Its new motion must conform to the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice and must contain the supporting documentation required by statute and rule. Failure to file a conforming motion will result in dismissal of this action with prejudice.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Second Motion (Dkt. No. 10) for default judgment is **DENIED**; and it is further

---

[1] The Court notes that Plaintiff also provided no proof of the $55.00 it requests for process server fees. See generally Mot.

**ORDERED**, that if Plaintiff wishes to file a new motion for default judgment, the motion

must comply with the Federal Rules of Civil Procedure and the Local Rules of Practice and be filed

**within thirty (30) days** after the entry of this Decision and Order; and it is further

**ORDERED**, that if Plaintiff does not file a new motion within thirty days, this action will be

**DISMISSED with prejudice** without further order of the Court, and the Clerk is directed to enter

judgment accordingly and close the case; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:       July 03, 2013
             Albany, NY



_____
Lawrence E. Kahn
U.S. District Judge